UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENE BELMAR,

                Plaintiff,

      -against-

G&M REALTY, et al.,

                Defendants.

22-CV-1576 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, alleging that Defendants violated his rights as a tenant. By order dated June 3, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, but grants Plaintiff thirty days' leave to replead.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff, who resides in the Bronx, New York, brings this action against G&M Realty; Peter, a landlord; Samone Silvester, a representative from the New York City Department of Housing Preservation and Development ("HPD"); "Kathering" Kevith, a tenant from Plaintiff's building; Heath Tyger, an attorney for G&M Realty; and Judge Howard Baum, who is presiding over Plaintiff's landlord-tenant case. Plaintiff uses the court's general form complaint to which he attaches documents from a landlord-tenant case in the Bronx Housing Civil Court and other documents relating to his apartment and tenancy. He has checked the box on the form complaint to invoke the court's diversity of citizenship jurisdiction, but asserts that his federal rights have been violated, stating that "the federal fair housing enforcement were violated and were discriminated by HPD Rep. Ms. Samon Silvester for race and housing discriminated by accepting a pay-off from G&M Realty."[1] (ECF 2, at 2.) Plaintiff seeks money damages.

Plaintiff brings claims arising out of a landlord-tenant case in the Bronx Housing Civil Court. He provides the following assertions as the facts of his case. Kevith, who has an apartment above Plaintiff's, committed "criminal mischief" by throwing grease out of her window that landed on Plaintiff's window, but neither the landlord nor Judge Baum has sanctioned Kevith for the violation. (ECF 2, at 5.) The landlord has, at times, provided no heat to Plaintiff's apartment, has failed to repair a water leak, and has "gouge[d]" Plaintiff's rent, but Judge Baum and HPD have "never sanction[ed] nor penalize[ed] the landlord for "these civil crime[s]." (*Id*.) Judge Baum has violated Plaintiff's rights by filing a "false & fraud [sic] court order to have N.Y.P.D. and the Defendant staff breakdown [Plaintiff's] door" to repair the water

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. Except where indicated, the Court quotes the complaint verbatim.

leak in his apartment; took a payoff from the landlord on February 3, 2021, and then took a vacation, while Plaintiff was waiting almost two months for a pending court appearance; and failed to issue decisions on several matters Plaintiff filed. (*Id*.) Further, Judge Baum has indicated that "he is going to destroy [Plaintiff's] evidence," failed to respect Plaintiff as a "pro se advocate," discriminated against Plaintiff's "testimony on the record," and "disrespect[ed] the constitutional jurisdictional code of conduct by the law to work for the landlord not the court system." (*Id*. at 6.)

Plaintiff asserts the following as his injuries:

> I am being stalk by Ms Kathering Kevith Ms. Jeneifer Ryan, and Lewis a super from another building came to fix a water leak but I feel that there is a tracker device that is planned in my apt that why I need a trial and to have Ms Kathering Kevith supoena into my trial so I could bring out the truth or to have Ms Kevith [illegible] for [unintelligible] damage 2 count of harassment and stalking.

(*Id*.) Plaintiff seeks damages for the alleged violations, overpayment of rent, theft of his black hooded leather coat, and damage to his property.

## DISCUSSION

**A.    Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1. **Subject matter jurisdiction over landlord-tenant matters**

Plaintiff asserts that Defendants violated his rights in a landlord-tenant case in the Bronx Housing Civil Court. Federal courts generally do not have jurisdiction of landlord-tenant matters, even when those claims reference or purport to rely on federal law. *See, e.g., Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (amended summary order) ("[A] landlord-tenant dispute [is one] over which the federal courts simply have no [federal question] jurisdiction."); *29 Flatbush Ave. Assocs., LLC v. Cain*, No. 17-CV-6173, 2017 WL 5696485, at *2 (E.D.N.Y. Nov. 27, 2017) ("The law is well settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject-matter jurisdiction over state residential landlord-tenant matters."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that "the landlord-tenant relationship is fundamentally a matter of state law" and that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes") (citation and quotations marks omitted)).

2. **Federal Question Jurisdiction**

Although the Court generally does not have subject matter jurisdiction over landlord-tenant matters, because Plaintiff asserts that his federal rights were violated, the Court considers whether he has alleged facts sufficient to support a viable federal claim. Federal question jurisdiction is available when a plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief

4

necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create subject-matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

      **a. No claim under Section 1983**

Even if the Court were to consider Plaintiff's assertions as implicating a claim under 42 U.S.C. § 1983, he fails to state a claim for relief. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Here, Plaintiff asserts that Defendants violated his federal rights in the state court action. Because he does not allege any facts suggesting that Defendants G&M Realty, the landlord, Kevith, or Tyger – private parties who do not work for any state or other governmental body – have acted as state actors or that their actions could be attributed to the state, these defendants are not subject to liability under Section 1983.

Further, although Judge Baum and HPD Representative Silvester are considered state actors for purposes of Section 1983, Plaintiff fails to state a claim for relief against them. Judges are absolutely immune from suit for damages for any actions taken within the scope of their

5

judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Because Plaintiff's assertions against Judge Baum are for the judge's actions, omissions, and decisions made in the landlord-tenant case, Judge Baum is entitled to absolute immunity for his conduct. Plaintiff's claim against Judge Baum is therefore dismissed under the doctrine of judicial immunity, and, consequently, as frivolous.[2] *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

Plaintiff names HPD representative Silvester as a defendant, alleging that she discriminated against him in housing and accepted a "pay-off from G&M Realty." (ECF 2, at 2.) Plaintiff also seems to hold HPD responsible for failing to "sanction and penalize" Judge Baum and the landlord for issues that occurred in his apartment and in the landlord-tenant case. (*Id*. at 5.) To the extent Plaintiff is seeking to hold Silvester or HPD responsible for inadequate conditions in his apartment, such as the water leak, he fails to state a claim for relief. Courts have long held that there is no constitutional right to adequate or safe housing. *See Lindsay v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary

---

[2] To the extent that Plaintiff is challenging the adverse outcome of any state court proceeding, those claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases " brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" ). If Plaintiff is dissatisfied with Judge Baum's decisions, he must appeal them within the state court system. *See Exxon Mobil Corp.*, 544 U.S. at 292 (noting that "28 U.S.C. § 1331 is a grant of original jurisdiction and does not authorize district courts to exercise appellate jurisdiction over state-court judgments").

housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in [the constitution] any guarantee of access to dwellings of particular quality . . . . Absent constitutional mandate, the assurance of adequate housing . . . [is a] legislative, not judicial, function[]"); *Paige v. New York City Hous. Auth.*, No. 17-CV-7481, 2018 WL 3863451, at *11 (S.D.N.Y. Aug. 4, 2018) ("Defendants' failure to prevent lead paint poisoning is not tantamount to a violation of substantive due process. So too, it is not enough to allege that Defendants' 'stood by and did nothing.'") (citation omitted); *Richardson v. City of New York*, No. 12-CV-2545, 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013) (holding there is no "government obligation to provide adequate housing") (citation omitted); *see also Allen v. New York City Hous. Auth.*, No. 10-CV-0168, 2012 WL 4794590, at *8 (S.D.N.Y. Sept. 11, 2012) (rejecting due process claims arising from NYCHA's failure to address mold). Thus, Plaintiff fails to assert any plausible Section 1983 claim against Silvester or HPD relating to the conditions in his apartment.

### b. No claim under the Fair Housing Act

The Court also considers whether Plaintiff's assertions that, Defendants violated "the federal fair housing enforcement" and that Defendant Silvester discriminated against him in housing on the basis of his race, could state a claim under the Fair Housing Act (FHA), 42 U.S.C. § 3604.[3]

The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services

---

[3] The Court assumes for the purposes of this order that the FHA covers Plaintiff's residence. *See* 42 U.S.C. § 3604(b) (defining "dwelling," in part, as a "building" that is "occupied as . . . a residence by one or more families").

7

or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin," or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title" ).

Here, Plaintiff does not allege any facts suggesting a violation of the FHA. He does not allege that (1) he exercised his rights under the FHA or that (2) Defendants coerced, intimidated, or threatened him, or interfered with his exercise of those rights because of his race. *See* 42 U.S.C. § 3617. Rather, Plaintiff's complaint expresses his dissatisfaction with Judge Baum's actions and decisions in the tenant-landlord case in the Bronx Housing Civil Court. Because Plaintiff does not allege any plausible facts suggesting that any defendant subjected him to discrimination or retaliation in housing on the basis of any impermissible factor, he fails to state a claim under the FHA.

Plaintiff does not allege any facts plausibly suggesting a viable FHA claim. Because he asserts that Defendants discriminated against him on the basis of his race, however, the Court, in an abundance of caution, grants him thirty days' leave to file an amended complaint in which he alleges additional facts suggesting an FHA claim of which the Court has federal question jurisdiction. If Plaintiff files an amended complaint, the pleading should include specific facts describing how a named defendant discriminated against Plaintiff in housing because of his race. Plaintiff should note that this is not invitation to seek redress for Judge Baum's decisions or other issues arising in his landlord-tenant action.

B.   **Diversity of Citizenship Jurisdiction**

Plaintiff invokes the Court's diversity of citizenship jurisdiction but does not allege facts demonstrating that the Court has such jurisdiction over this action. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, diversity of citizenship is lacking as Plaintiff indicates in the complaint that he and Defendants and are citizens of New York, precluding complete diversity of citizenship. The Court therefore lacks diversity of citizenship jurisdiction of his claims.

Because Plaintiff has failed to allege facts showing that the Court has either federal question or diversity of citizenship jurisdiction of this matter at this juncture, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

**C.     Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts " should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because the Court cannot say at this time that amendment would be futile, the Court, in an abundance of caution, grants Plaintiff thirty days' leave to allege additional facts to state an FHA claim over which the Court has federal question jurisdiction. Any effort on Plaintiff's part to challenge Judge Baum's decisions or to raise issues stemming from his tenant-landlord case in the Bronx Civil Housing Court, will result in the issuance of a civil judgment dismissing this action for the reasons stated in this order.

**D.     Litigation history and warning**

A review of the court's docket reveals that Plaintiff previously filed several cases in this court and appeals to the Second Circuit that were dismissed for lack of merit. In all the cases he sought relief from adverse rulings or decisions in state court actions and administrative proceedings. *See Belmar v. Con Edison Consolidated*, ECF 1:19-CV-7781, 4 (S.D.N.Y. Oct. 11, 2019) (dismissing challenge to state court judgment for a lack of subject matter jurisdiction and claims against state court judge and a state entity on immunity grounds and as frivolous). *Belmar v. Con Edison Consolidated*, ECF 1:18-CV-7788, 4 (S.D.N.Y. Sept. 13, 2018) (dismissing constitutional claims against ConEdison because it "[i]s not a state actor for purposes of

Section 1983"); *Belmar v. Con Edison Consolidated*, ECF 1:14-CV-8089, 4 (S.D.N.Y. Feb. 17, 2015) (dismissing claims against state court judges based on judicial immunity, and holding that lower federal courts lack jurisdiction to review state court judgments), *aff'd*, No. 15-955 (2d Cir. June 19, 2015) ("[J]udicial officers were entitled to judicial immunity, . . . , and Con Edison was not a state actor for purposes of 42 U.S.C. § 1983."); *Belmar v. Holly*, ECF 1:14-CV-4843, 8 (S.D.N.Y. Jan. 6, 2015), (dismissing for failure to state due process and discrimination claims with respect to public assistance; court lacked mandamus jurisdiction to compel HRA's compliance with fair hearing decisions), *appeal dismissed*, No. 15-564 (2d Cir. June 4, 2015). On October 11, 2019, Plaintiff was warned that further vexatious or frivolous litigation in this court – particularly the filing of duplicative complaints against ConEdison and state court judges − would result in an order under 28 U.S.C. § 1651, barring him from filing new actions IFP unless he received prior permission to file. *See Belmar*, ECF 1:19-CV-7781, 4.

In light of the prior cases, it is likely that Plaintiff is or should have been aware that his claims, arising out of the landlord-tenant action and against Judge Baum for his judicial decisions, are nonmeritorious. *See Sledge v. Kooi* , 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Because the Court is granting Plaintiff leave to amend to assert a plausible claim under the FHA, this action cannot be considered entirely meritless. The Court, however, warns Plaintiff that should he persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred under Section 1651 from filing new actions IFP without prior permission from the Court.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

Plaintiff is granted thirty days' leave to file an amended complaint of which the Court has subject matter jurisdiction. If Plaintiff fails to file a sufficient amended complaint within the time allowed, the Court will enter judgment dismissing this action for the reasons stated in this order.

Plaintiff is also warned that, should he persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred under 28 U.S.C. § 1651 from filing new actions IFP without prior permission from the Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 27, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge