UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENE BELMAR,

Plaintiff,

-against-

G&M REALTY, et al.,

Defendants.

22-CV-1576 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint invoking the Court's diversity of citizenship jurisdiction and alleging that Defendants violated his rights as a tenant. By order dated June 27, 2022, the Court dismissed the complaint for lack of subject matter jurisdiction, but granted Plaintiff 30 days' leave to allege facts to state a claim under the Fair Housing Act (FHA), 42 U.S.C. § 3604. Plaintiff filed an amended complaint on September 8, 2022, which the Court has reviewed. The Court dismisses this action for the same reasons set forth in the June 27, 2022, for lack of subject matter jurisdiction.

**BACKGROUND**

The Court assumes familiarity with the underlying facts of this case as summarized in the Court's June 27, 2022, order. In short, Plaintiff brought claims arising out of a landlord-tenant case in the Bronx Housing Civil Court. He sued G&M Realty; Peter, a landlord; Samone Silvester, a representative from the New York City Department of Housing Preservation and Development ("HPD"); "Kathering" Kevith, a tenant from Plaintiff's building; Heath Tyger, an attorney for G&M Realty; and Judge Howard Baum, who was presiding over Plaintiff's landlord-tenant case. Plaintiff alleged a number of disputes with his landlord, which appeared to be the subject of the landlord-tenant case. This included inadequate conditions in his apartment,

such as water leaks and insufficient heat; gouging his rent; and failing to sanction a fellow tenant for throwing grease out of her window that landed on his window. Plaintiff also asserted that his rights were being violated in the landlord-tenant case and objected to various orders issued by Judge Baum which he considered unlawful. Plaintiff also alleged that HPD Representative Silvester violated his rights by accepting a pay-off from the management company, which Plaintiff characterized as "race and housing discriminat[ion]." (ECF 2, at 2.)

In the June 27, 2022, order, the Court found that it lacked diversity jurisdiction of this action because Plaintiff and Defendants were citizens of New York, precluding complete diversity of citizenship.The Court generally does not have subject matter jurisdiction over landlord-tenant matters, but because Plaintiff stated that "the federal fair housing enforcement were violated" and that HPD Representative Silvester discriminated against him in housing because of his race, the Court also considered whether Plaintiff had alleged facts sufficient to support a viable claim under the Court's federal question jurisdiction.

In the same order, the Court determined that Plaintiff could not bring a claim under 42 U.S.C. § 1983 because: (1) as private parties, the landlord, the management company, the attorney, and the fellow tenant could not be held liable under Section 1983; (2) because Plaintiff's assertions against Judge Baum were for the actions, omissions, and decisions made in the landlord-tenant case, Judge Baum was entitled to absolute immunity for his actions; and (3) Plaintiff had failed to assert any plausible Section 1983 claim against HPD Representative Silvester or HPD relating to the conditions in his apartment.

The Court next considered whether Plaintiff's assertions that Defendants violated "the federal fair housing enforcement" and that Defendant Silvester discriminated against him in housing on the basis of his race could state a claim under the FHA. The Court held that Plaintiff

failed to state a claim under the FHA because he did not allege any plausible facts suggesting that any defendant, including HPD Representative Silvester, subjected him to discrimination or retaliation in housing on the basis of any impermissible factor.

In an abundance of caution, however, the Court granted Plaintiff 30 days' leave to allege additional facts to state an FHA claim over which the Court has federal question jurisdiction. The Court warned Plaintiff that any effort on his part to continue to challenge Judge Baum's decisions or to raise issues stemming from his tenant-landlord case in the Bronx Civil Housing Court will result in the issuance of a civil judgment dismissing this action for the reasons stated in the order.

In the amended complaint, Plaintiff again names his landlord, the management company, the attorney, and his fellow tenant Kevitt as defendants. He also includes two new defendants, Jeneifer Ryan and Mr. Marco, whom he identifies as members of his building staff. Plaintiff now presents his claims against the defendants as criminal charges for crimes allegedly committed against him, for which he asks the Court to sanction and penalize the defendants. He also requests that the Court grants him a trial in which he can present his evidence. The alleged crimes include the following: (1) his landlord breaking into his apartment with a false police report "because of racism and housing discrimination of aggervation" (ECF 12, at 5); (2) "intentionally false eviction" (*id.*); (3) the defendants committing perjury and "other civil corruption" in the housing court case (*id.* at 6); (4) and the dismissal of his case "because of pay-off" and corruption (*id.*).

## DISCUSSION

Plaintiff has failed to overcome the Court's finding in the June 27, 2022, order that it lacks subject matter jurisdiction to consider his assertions concerning the inadequate conditions in his apartment and the alleged violations in the landlord-tenant proceedings in the Bronx

Housing Civil Court. The Court granted Plaintiff leave to replead additional facts suggesting an FHA claim of which the Court has federal question jurisdiction. Here, Plaintiff does not allege any facts suggesting a violation of the FHA. He does not allege that (1) he exercised his rights under the FHA, or that (2) Defendants coerced, intimidated, or threatened him, or interfered with his exercise of those rights because of his race. *See* 42 U.S.C. § 3617. Rather, Plaintiff continues to express his dissatisfaction with actions taken and decisions made in the landlord-tenant case, asserting that Defendants committed criminal acts against him.[1] Plaintiff does not assert a claim under the FHA or allege any facts suggesting a claim of which the Court has federal question jurisdiction. As the Court previously found that it lacked diversity jurisdiction and Plaintiff fails to state a claim of which the Court has federal question jurisdiction, this action must be dismissed for the reasons stated in the Court's June 27, 2022, order, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to replead.

---

[1] Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are " immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

**CONCLUSION**

For the reasons stated in this order and the Court's June 27, 2022, order, this action is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated

As stated in the June 27, 2022, order, Plaintiff is warned that, should he persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred under 28 U.S.C. § 1651 from filing new actions IFP without prior permission from the Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: October 11, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge